UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; FONOVISA, INC., a California corporation; WARNER BROS. RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,

      Plaintiffs,

  v.

DOES 1–4,

      Defendants.
_____/

No. 3:06-cv-01579-MHP

**MEMORANDUM & ORDER
Re: Motion for Administrative Relief Pursuant to Local Rule 7-11(a) for Leave to Take Immediate Discovery**

    Several record companies brought this action alleging copyright infringement and seeking damages and injunctive relief under 17 U.S.C. section 101 et seq. Now before the court is plaintiffs' motion for leave to take immediate discovery.

BACKGROUND[1]

    On February 28, 2006 several major record companies—namely BMG Music; Virgin Records America, Inc.; Fonovisa, Inc.; Warner Bros. Records, Inc.; Arista Records LLC; UMG Recordings, Inc.; Elektra Entertainment Group, Inc.; Capitol Records, Inc. and Sony BMG Music Entertainment (collectively "plaintiffs")—filed a complaint for copyright infringement under 17 U.S.C. section 101 against four "John Doe" defendants ("defendants"). Plaintiffs assert that they

have copyright ownership and valid Certificates of Copyright Registration issued by the Register of Copyrights for all of the sound recordings that defendants allegedly infringed. Compl. ¶ 15. Plaintiffs allege that defendants engaged in copyright infringement through acts including: using an online media distribution system to download copyrighted recordings, distributing copyrighted recordings to the public, and making copyrighted recordings available to others for distribution. Id. ¶ 17.

Plaintiffs have identified defendants by a unique Internet Protocol ("IP") address assigned to each defendant according to the date and time of defendant's allegedly infringing activity. Compl. ¶ 13, Exh. A. Plaintiffs have determined that Covad Communications is defendants' internet service provider ("ISP"). Whitehead Dec. ¶¶ 12, 16. However, plaintiffs have not obtained defendants' names or contact information. Id. ¶ 16. Consequently, plaintiffs filed the instant motion for expedited discovery, requesting permission to serve subpoenas on Covad pursuant to Federal Rules of Civil Procedure 45 to discover defendants' identities. Pls.' Mot. For Administrative Relief Pursuant to Local Rule 7-11(a) for Leave to Take Immediate Disc. (hereinafter "Mot.") at 2. Plaintiffs claim Covad can use its subscriber activity log files to identify the name and address of each defendant. Id.

DISCUSSION

I.     Prima Facie Showing of Copyright Infringement

As a preliminary matter, before the court will consider plaintiffs' motion, plaintiffs must make a prima facie showing of copyright ownership of the sound recordings they allege defendants infringed. Previous cases that have evaluated subpoenas seeking information from ISPs regarding Doe defendants have required a concrete showing of a prima facie claim of actionable harm. See e.g., Dendrite Int'l Inc. v. Doe, 775 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001); In re Subpoena Duces Tecum to Am. Online, Inc., 52 Vir. Ca. 26, 37 (Va. Cir. Ct. 2000), rev'd on other grounds, Am. Online, Inc. v. Anonymous Publicly Traded Co., 542 S.E.2d 377 (Va. 2001); Columbia Ins. Co. v. Seescandy.Com, 185 F.R.D. 573, 580 (N.D. Cal. 1999) (Jensen, J.). Such a showing requires:

2

"(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Arden v. Columbia Pictures Indus., Inc., 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995) (quoting Feist Publ'ns v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Plaintiffs have failed to provide evidence of valid copyright ownership of the sound recordings they allege defendants infringed. As set forth below, the court finds that plaintiffs must submit a valid Certificate of Copyright Registration for each of the sound recordings that plaintiffs allege defendants have infringed.

II.     Joinder of Defendants

Federal Rules of Civil Procedure 20 states in relevant part that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Under Rule 21, "[p]arties may be dropped or added by order of the court . . . of its own initiative at any stage of the action and on such terms as are just." Alternatively, "[a]ny claim against a party may be severed and proceeded with separately." Id.

Plaintiffs have not alleged that defendants' copyright infringement: 1) arose out of the same transaction or occurrence and 2) concern an issue of law or fact common to all defendants. Indeed on the face of the complaint, it appears that defendants, at different times and dates, have engaged in separate and distinct acts of downloading or disseminating the sound recordings. Compl., Exh. A. The only connection between defendants noted by plaintiffs' papers is the fact that defendants allegedly used the same ISP, Covad Communications, to conduct the infringing acts. Mot. at 2. However, absent any allegation that these individuals acted in concert, there is no basis for joinder.

Numerous federal courts have found that joinder is improper when there is no allegation that multiple defendants acted in concert. See Twentieth Century Fox Film Corp. V. Does 1–12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing multiple Doe defendants in a

3

copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); In the Matter of DIRECTV, INC. Cases pending in the Northern District of California, No. C-02-5912-JW (N.D. Cal. July 26, 2004) (Ware, J.) (similar finding in a case involving encrypted satellite communications); Interscope Records v. Does 1–25, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. April 27, 2004) (similar finding in a case involving sound recordings); BMG Music v. Does 1–203, 2004 U.S. Dist. LEXIS 8457, at *2–3 (E.D. Pa. Apr. 2, 2004) (affirming earlier *sua sponte* determination of severance in sound recording case); cf., DIRECTV, Inc. v. Adrian, 2004 WL 1146122, at *3 (N.D. Ill. May 18, 2004) (severing multiple defendants who allegedly possessed and used devices and equipment to illegally intercept plaintiff's satellite communications); DIRECTV, Inc. v. Boggess, 300 F. Supp. 2d 444, 449 (S.D. W. Va. Feb. 6, 2004) (same); DIRECTV v. Lewis, 2004 WL 941805, at *7 (W.D.N.Y. Jan. 6, 2004) (same).

Since defendants' actions do not arise out of the same transaction or occurrence, nor are they a part of a series of connected transactions or occurrences, the court finds that defendants are improperly joined. The claims against the four defendants are unique and "will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury." BMG Music, et al., v. Does 1–203, 2004 U.S. Dist. LEXIS 27779, at *2 (E.D. Penn. 2004) (citing United States v. 1071.08 Acres of Land, 564 F.2d 1350 (9th Cir. 1977)). Consequently, the court severs defendants pursuant to Federal Rules of Civil Procedure 20(a) and 21.

For the reasons set forth above, the court finds that:

(1) This case is deemed filed only as to Doe defendant #1. Plaintiffs shall amend their complaint to name as plaintiffs only those copyright holders that have claims against Doe defendant #1 and file a copy of a valid Certificate of Copyright Registration with the court for each of the sound recordings plaintiffs allege Doe defendant #1 infringed within thirty (30) days of the date of this Order.

4

(2) Doe defendants #2–4 are SEVERED and DISMISSED from the action without prejudice. Plaintiffs can refile separate complaints against Doe defendants #2–4 within thirty (30) days of the date of this Order, receiving a new case number and paying the filing fee for each. If plaintiffs refile within thirty (30) days of the date of this Order, such action shall be deemed a continuation of the original action for purposes of the statute of limitations. Plaintiffs shall attach relevant Certificate(s) of Copyright Registration for each of the sound recordings plaintiffs allege the pertinent Doe defendant infringed.

(3) Where there is no demonstrated basis for joinder, plaintiffs are ordered to file any future claims in this District against individual Doe defendants as separate actions and attach relevant Certificate(s) of Copyright Registration for each of the sound recordings plaintiffs allege Doe defendant infringed.

CONCLUSION

    For the reasons stated above, plaintiffs' motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 31, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

ENDNOTES

1. Unless otherwise noted, background facts are taken from plaintiffs' complaint.